# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF OKLAHOMA

EMBRY JAY LOFTIS, )
)
         Plaintiff, )
)
v. ) No. CIV 09-379-FHS-SPS
)
STACY SIMPSON, et al., )
)
         Defendants. )

## OPINION AND ORDER

Plaintiff has filed a Motion for Leave of Court Requesting Stay Pending Disposition of Motions After Judgment [Docket No. 102], which the court construes as a motion to reconsider the Judgment dismissing this action [Docket No. 100]. He requests relief under Fed. R. Civ. P. 59(e), Fed. R. Civ. P. 60(a) & (b), and Fed. R. Civ. P. 52(b). Plaintiff challenges the court's findings that his exhausted claims were vague and conclusory and did not rise to the level of a constitutional violation, and that the exhausted claims were frivolous. He also complains that the court neglected to properly construe his pro se pleadings liberally.

As an initial matter, this court has construed all of plaintiff's pleadings liberally, in accordance with *Haines v. Kerner*, 404 U.S. 519 (1972). This relaxed standard, however, did not relieve his burden of alleging sufficient facts on which a recognized legal claim could be based. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

Plaintiff argues his complaint presented "specific allegations naming specific persons, dates, places backed by Exhibits, sworn affidavits constructed by other jail house inmate[s] who swore under penalty of perjury, that they personally saw Sampson and heard her make the threats of retaliatory actions against inmates for complaining about the food service." [Docket No. 102 at 2]. He asserts the court, therefore, was incorrect in finding his allegations were vague or frivolous.

After careful review, the court finds petitioner has failed to show he is entitled to relief

under Rule 59(e) or Rule 60(a) or (b). "[A] motion will be considered under Rule 59(e) when it involves reconsideration of matters properly encompassed in a decision on the merits." *Phelps v. Hamilton*, 122 F.3d 1309, 1323-24 (10th Cir. 1997) (citations and internal quotations omitted). "A Rule 59(e) motion to alter or amend the judgment should be granted only to correct manifest errors of law or to present newly discovered evidence." *Id.* at 1324 (internal quotations omitted). "Rule 59(e) relief is appropriate only where 'the court has misapprehended the facts, a party's position, or the controlling law.'" *Barber ex rel. Barber v. Colo. Dep't of Revenue*, 562 F.3d 1222, 1228 (10th Cir. 2009) (quoting *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000)). Under this analysis, the court finds petitioner has failed to meet his burden.

Rule 60(a) allows relief from a final judgment, order, or proceeding for clerical mistakes, oversights, and omissions. Rule 60(b) allows relief for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P 60(b).

Here, finds petitioner has failed to set forth any specific facts or law that would warrant relief under Rule 60(a) or (b). Plaintiff simply disagrees with the court's analysis and conclusions in its order dismissing this action. Therefore, there is no basis for amending or supplementing the court's findings to amend the Judgment under Fed. R. Civ. P. 52(b).

**ACCORDINGLY,** plaintiff's motion to reconsider [Docket No. 102] is DENIED.

**IT IS SO ORDERED** this 14th day of February, 2012.

Frank H. Seay
United States District Judge